## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 16-13423-JEB |
| DEBRA L. FELDMAN, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| DEBRA L. FELDMAN, | ) |  |
|  | ) |  |
| Appellant, | ) |  |
|  | ) | Bankruptcy Appeals |
| v. | ) | Case No. 21-CV-11912-AK |
|  | ) | Case No. 22-CV-10050-AK |
| JOHN DESMOND, CHAPTER 7 TRUSTEE | ) | Case No. 22-CV-10246-AK |
| and H&R BLOCK EASTERN ENTEPRISES, | ) |  |
| INC., | ) |  |
|  | ) |  |
| Appellees. | ) |  |
|  | ) |  |

## MEMORANDUM AND ORDER
## ON APPELLEES' MOTION TO DISMISS APPEALS

**A. KELLEY, D.J.**

These are three related appeals from the Bankruptcy Court concerning a Compromise Order ("the 2018 Compromise Order") and subsequent rulings in the matter of Debra Feldman ("Ms. Feldman"), a self-represented debtor who has filed for bankruptcy protections pursuant to Chapter 7. Ms. Feldman is the appellant in all three of these actions, and the appellees in all three actions are John Desmond, in his capacity as a Chapter 7 Trustee ("the Trustee"); and H&R Block Eastern Enterprises, Inc. ("H&R Block"), a judgment creditor and former employer of Ms. Feldman.

Although Ms. Feldman challenges separate orders of the Bankruptcy Court in each of her three appeals, and raises distinct issues of fact and law in each, the appeals each fundamentally challenge the validity of the 2018 Compromise Order between her bankruptcy estate and H&R Block, and of a May 27, 2020 Bankruptcy Court order interpreting the 2018 Compromise Order to prohibit Ms. Feldman from pursuing certain claims in state court.  However, following Ms. Feldman's filing of these appeals, the First Circuit affirmed a judgment upholding the validity of these two underlying orders.  Thus, this Court's adjudication of these appeals on the merits would constitute an impermissible collateral attack on these orders, the validity of which has been finalized by the First Circuit's judgment.  Accordingly, this Court must dismiss all three of Ms. Feldman's appeals.

## I.    FACTUAL & PROCEDURAL BACKGROUND

The parties to these appeals have been involved in litigation before various tribunals for nearly a decade.  This Order begins by summarizing the status and outcome of the relevant proceedings between these parties.  This summary omits much of the voluminous litigation that has occurred before the Bankruptcy Court since 2016, some of which has been subject to other appellate proceedings.

### A.  2015 Arbitration Concerning Restrictive Covenants and 2016 Bankruptcy Filing

Ms. Feldman was an employee of H&R Block from approximately 2001 until November 2014.  In 2015, H&R Block sued Ms. Feldman in the Massachusetts Superior Court, alleging that she had breached post-employment restrictive covenants. See H&R Block E. Enters., Inc. v. Feldman, No. 1577CV00545 (Mass. Super. Ct., filed Apr. 8, 2015) [hereinafter, "2015 Superior

Court Case"].  By agreement, this matter was sent to arbitration.  [2015 Superior Court Case at Dkt. 21].  During a pre-arbitration deposition, Ms. Feldman sustained an injury that she alleges was caused by an attorney for H&R Block.  In 2016, an arbitrator entered an award for H&R Block, including damages, fees, costs, and an injunction against Ms. Feldman.  Ms. Feldman unsuccessfully appealed this award to the Massachusetts Appeals Court, H&R Block E. Enters., Inc. v. Feldman, No. 2017-P-0860 (Mass. App. Ct., filed June 30, 2017), and the Massachusetts Supreme Judicial Court, H&R Block E. Enters., Inc. v. Feldman, No. FAR-26086 (Mass., filed May 3, 2018).

On September 7, 2016—the date on which the arbitrator had scheduled a damages hearing concerning the arbitration award—Ms. Feldman filed a voluntary petition for Chapter 7 bankruptcy.  In re Feldman, No. 16-bk-13432, at Dkt. 1 [hereinafter, "Bankruptcy Case"].  As a result of this filing, the Bankruptcy Court issued an automatic stay of the arbitration proceedings. In 2019, the Bankruptcy Court denied Ms. Feldman's motion to lift the stay and return to arbitration.  In light of the Bankruptcy Court's stay, and the 2018 Compromise Order's settlement of claims between Ms. Feldman's estate and H&R Block, the Superior Court closed this action in July 2021.  [2015 Superior Court Case at Dkt. 101].

### B.  2018 Lynn District Court Personal Injury Action and Bankruptcy Court Compromise Order

In February 2018, Ms. Feldman filed a personal injury complaint in Lynn District Court against H&R Block and other parties.  See Feldman v. Winton, No. 1813CV00154 (Mass. Dist. Ct., filed Feb. 22, 2018) [hereinafter "Lynn District Court Case"].  This complaint concerned the injury Ms. Feldman sustained, allegedly through the fault of an H&R Block attorney, during a

deposition in the arbitration proceedings.  All defendants to this action denied, and continue to deny, liability.

Following Ms. Feldman's initiation of the personal injury action, the Trustee negotiated the 2018 Compromise Order with H&R Block and the other defendants on behalf of her bankruptcy estate.  [Bankruptcy Case at Dkt. 132].  Under the terms of the 2018 Compromise Order, all known and unknown bankruptcy estate claims existing at the time Ms. Feldman petitioned for bankruptcy, including the personal injury action and other pre-existing claims between Ms. Feldman and H&R Block, would be settled.  [See id.]  The Trustee submitted the 2018 Compromise Order to the Bankruptcy Court for approval, [id.], and Ms. Feldman filed an objection, [id. at Dkt. 138].  After a hearing, the Bankruptcy Court approved the 2018 Compromise Order in August 2018.  [Id. at Dkt. 171].  Ms. Feldman did not appeal the Bankruptcy Court's order approving the 2018 Compromise Order.

### C.  2020 Superior Court Wage Claims Action and May 27 Bankruptcy Court Order

In April 2020, Ms. Feldman filed suit against H&R Block in Massachusetts Superior Court, alleging that H&R Block had failed to compensate her for commissions earned prior to her separation from the company in 2014.  See H&R Block E. Enters., Inc. v. Feldman, No. 2077CV00413 (Mass. Super. Ct., filed Apr. 30, 2020) [hereinafter, "2020 Superior Court Case"]. Ms. Feldman had previously raised these claims in Bankruptcy Court proceedings, and H&R Block promptly filed a motion to enforce in the Bankruptcy Court, arguing that the wage claims had been incorporated into the 2018 Compromise Order.  [Bankruptcy Case at Dkt. 426].  On May 27, 2020, the Bankruptcy Court entered an order, ("the May 27 Order") granting the motion to enforce.  [Id. at Dkt. 435].  In the May 27 Order, the Bankruptcy Court found that each of the

wage claims Ms. Feldman had asserted were assets of her bankruptcy estate that had been settled

and released by the 2018 Compromise Order, and ordered Ms. Feldman to dismiss the Superior

Court action.  [Id.]  Ms. Feldman moved for reconsideration of the May 27 Order, [id. at Dkt.

437], which the Bankruptcy Court denied [id. at Dkt. 471].  After the Bankruptcy Court found

Ms. Feldman in contempt for failure to comply with the May 27 Order, [id. at Dkt. 547], Ms.

Feldman dismissed the Superior Court wage action in August 2020, [2020 Superior Court Case

at Dkt. 14].

### D.  2021–22 Federal District and Circuit Court Appeals of May 27 Order

Ms. Feldman appealed the Bankruptcy Court's May 27 Order to federal district court.

That appeal was assigned to Judge Casper's session.  In re Feldman, No. 20-cv-11277 (D.

Mass.).  In May 2021, Judge Casper granted a motion to dismiss the appeal, finding that Ms.

Feldman lacked standing to assert her Superior Court wage claims that spurred the May 27 Order

because these claims belonged to her bankruptcy estate, and not to her personally.  Id. at Dkt. 49.

Further, Judge Casper affirmed the Bankruptcy Court's decision in the May 27 Order that Ms.

Feldman's wage claims were settled by the Compromise Order.[1]  Id.

Ms. Feldman then appealed Judge Casper's decision to the First Circuit.  The First Circuit

affirmed Judge Casper in a brief order, indicating that, to the extent Ms. Feldman's appeal was

properly before that court, her arguments were "waived, meritless, or both."  In re Feldman, No.

21-1121 (1st. Cir. May 16, 2022).

---

[1] In addition to the appeal adjudicated by Judge Casper and the three instant appeals, Ms. Feldman has filed two other appeals in this Court related to the Bankruptcy Court's enforcement of the May 27 Order to prevent her from litigating claims in state court.  Judge Hillman dismissed one of these appeals, see In re Feldman, No. 20-cv-11355-TSH at Dkt. 39 (D. Mass. Apr. 2, 2021), and the other remains pending before his session, In re Feldman, No. 20-cv-11568-TSH.

### E.  2021 State Appeal of Arbitration Case and November 2021 Bankruptcy Court Orders

After the Massachusetts Superior Court closed the 2015 arbitration action in July 2021,

Ms. Feldman timely appealed to the Massachusetts Appeals Court.  See H&R Block E. Enters.,

Inc. v. Feldman, No. 2021-P-0847 (Mass. App. Ct., filed Sept. 24, 2021) [hereinafter "2021 State

Appeal"].  Because the May 27 Order, which the Bankruptcy Court had entered in response to

Ms. Feldman's prosecution of the 2020 Superior Court wage claims action, prohibited Ms.

Feldman from pursuing any further claims within the purview of her bankruptcy estate in state

court, H&R Block filed a notice of noncompliance in Bankruptcy Court.  [Bankruptcy Case at

Dkt. 751].

On November 2, 2021, the Bankruptcy Court issued an order to show cause as to why

Ms. Feldman should not be sanctioned $1,000 per day for her noncompliance with the May 27

Order through her prosecution of this appeal.  [Id. at Dkt. 781].  After Ms. Feldman filed a notice

with the Massachusetts Appeals Court indicating that she was dismissing her appeal "under

duress," [2021 State Appeal at Dkt. 7], the Bankruptcy Court issued additional orders (together,

"the November Orders") compelling Ms. Feldman to file a form stipulation of dismiss in the

Massachusetts Appeals Court without alteration or amendment.  [Bankruptcy Case at Dkt. 784,

787].  Ms. Feldman filed the stipulation of dismissal, and the Massachusetts Appeals Court

dismissed her appeal with prejudice.  [2021 State Appeal at Dkt. 10].

### F.  2022 Rule 60(b) Motions in Bankruptcy Court and Instant Appeals

In January 2022, Ms. Feldman filed several motions pursuant to Federal Rule of Civil

Procedure 60(b) to vacate the above orders of the Bankruptcy Court.  [Bankruptcy Case at Dkt.

817, 826, 829].  Among these motions were a motion to vacate the 2018 Compromise Order, a

motion to vacate the May 27 Order, and motions to vacate the November Orders.  Ms. Feldman asserted that each of these orders were improperly entered.  The Bankruptcy Court denied each of Ms. Feldman's Rule 60(b) motions.  [Id. at Dkt. 820, 832, 834].

Ms. Feldman has now lodged the instant three additional appeals in federal district court. In Case 21-cv-11912, Ms. Feldman directly appeals the Bankruptcy Court's November Orders requiring her to dismiss her appeal in the Massachusetts Appeals Court.  In Case 22-cv-10050, Ms. Feldman appeals the Bankruptcy Court's denial of her Rule 60(b) motion to vacate the 2018 Compromise Order.  And in Case 22-cv-10246, Ms. Feldman appeals the Bankruptcy Court's denial of her Rule 60(b) motions concerning the May 27 Order and the November Orders.

## II.   DISCUSSION

Ms. Feldman's appeals are each barred by the doctrine of claim preclusion, or *res judicata*.  Claim preclusion prevents parties from relitigating matters that were, or could have been, previously raised in an action in which a final judgment on the merits has issued.  See Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009).  This doctrine is essential to promote fairness to the parties in the current and prior actions, judicial economy, and the finality of judgment, "all of which are vitally important to the existence, efficiency, and reliability of any public system of dispute resolution."  See Wilj Int'l Ltd. v. Biochem Immunosys., Inc., 4 F. Supp. 2d 1, 7 (D. Mass. 1998).  The elements of claim preclusion are "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).

Here, to the extent Ms. Feldman's relitigation of the 2018 Compromise Order and the May 27 Order were not previously precluded by Judge Casper's and Judge Hillman's dismissals of her prior appeals, the First Circuit's affirmance of Judge Casper's decision fully forecloses all further litigation on the validity of these orders. This Court cannot disrupt a higher court's binding conclusion that the claims Ms. Feldman has many times pressed, and now presses again, are without merit.

Judge Casper's order dismissing Ms. Feldman's appeal of the May 27 Order is instructive. In re Feldman, No. 20-cv-11277 at Dkt. 49 (D. Mass.) As discussed above, the May 27 Order prohibited Ms. Feldman from asserting in state court any wage claims that existed at the time of her filing for bankruptcy protection, as her bankruptcy estate had settled these claims through the 2018 Compromise Order. Judge Casper dismissed Ms. Feldman's appeal of this order on four grounds. First, Ms. Feldman had no standing to assert the wage claims at issue in the May 27 Order, because those claims belonged to her estate. Second, Ms. Feldman had no standing to challenge the May 27 Order itself, as that order concerned only claims belonging to her estate. Third, any wage claims Ms. Feldman could have brought in the absence of the May 27 Order had been previously settled by the 2018 Compromise Order. And fourth, any wage claims Ms. Feldman could have brought would have been time barred.

The First Circuit affirmed Judge Casper's decision in full, holding that all of Ms. Feldman's arguments concerning the May 27 Order and 2018 Compromise Order were "waived, meritless, or both." In re Feldman, No. 21-1121 (1st. Cir. May 16, 2022). Although brief, this order constitutes a "final judgment on the merits" for purposes of claim preclusion on the validity of both the May 27 Order and the 2018 Compromise Order. See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (holding that a circuit court's affirmance of a

Bankruptcy Court disposition "constitutes a final judgment" for purposes of claim preclusion). Thus, the question of whether the Bankruptcy Court validly issued the 2018 Compromise Order and the May 27 Order has been resolved, and is not open to further litigation.

The second element of claim preclusion, the requirement of "sufficient identicality between the causes of action" between the instant suit and the prior suit in which final judgment has issued, Gonzalez, 27 F.3d at 755, is also met with respect to each of Ms. Feldman's three appeals. The November Orders, which Ms. Feldman challenges in one of her appeals, are mere instrumentalities the Bankruptcy Court used to enforce the May 27 Order. Ms. Feldman's arguments against these orders are attacks on the validity of the underlying May 27 Order, which was the subject of the First Circuit's final judgment on the merits. The remaining orders appealed are denials of Rule 60(b) motions to vacate the 2018 Compromise Order, May 27 Order, and November Orders. The issues the parties raise in litigating the Rule 60(b) motions concerning these orders are precisely the same as the issues that were raised in prior litigation concerning the validity of the orders themselves. Finally, the third element of claim preclusion is clearly met, as all actions in question involve the same parties: Ms. Feldman, the Trustee, and H&R Block.

The Court acknowledges that Ms. Feldman, a self-represented party, has very vigorously advocated in protection of her interests in a variety of forums for the past 8 years. However, continued litigation of orders whose validity was long ago resolved serves neither the parties nor the court system. Ms. Feldman is, thus, advised, that the 2018 Compromise Order, and all subsequent orders interpreting it, are binding upon her and her bankruptcy estate, and preclude her from litigating claims that her estate has settled with her creditors. The purpose of bankruptcy is to achieve "a workable outcome for a diverse array of stakeholders, and the

reliable finality of a confirmed and consummated plan allows all interested parties to organize their lives around that fact." In re Tribune Media Co., 799 F.3d 272, 281 (3d Cir. 2015). Indeed, the finality our bankruptcy laws provide to creditors, through their careful resolution of debts, permits the system to achieve its goal: providing debtors with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt," see Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934). The finality of the orders that Ms. Feldman continually seeks to dislodge is thus essential to the ultimate resolution of her proceedings and the fresh financial start that Chapter 7 promises her.

## III.    CONCLUSION

In Case No. 22-cv-10246, Appellees' Motion to Dismiss [Dkt. 10] is **GRANTED**.   The Court construes Appellees' Notices in Case No. 21-cv-11912 [Dkt. 22] and Case No. 22-cv-10050 [Dkt. 16] as Motions to Dismiss.  These motions are **GRANTED**.  All three appeals are **DISMISSED**.

**SO ORDERED.**

September 15, 2022                                          /s/ Angel Kelley
                                                                  ANGEL KELLEY
                                                                  U.S. DISTRICT JUDGE