UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA L. FELDMAN,<br>      Appellant,<br><br>v.<br><br>JOHN DESMOND, CHAPTER 7 TRUSTEE,<br>and H&R BLOCK EASTERN ENTERPRISES,<br>INC.<br>      Appellees. | **Bankruptcy Appeals**<br>**No. 21-CV-11912-AK**<br>**No. 22-CV-10050-AK**<br>**No. 22-CV-10246-AK** |

<u>ORDER ON APPELLANT'S MOTIONS TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>

A. KELLEY, D.J.                                                                                              November 30, 2022

On September 29, 2022, appellant Debra L. Feldman appealed the Court's Order dismissing her appeals in these three related cases. On October 14, 2022, she sought leave to appeal *in forma pauperis*. On November 4, 2022, appellee Desmond filed his opposition. On November 9, 2022, appellant Feldman filed her reply.

Rule 24(a)(1) of the Federal Rules of Civil Procedure provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). If the district court denies *in forma pauperis* status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4) - (5). Under the federal *in forma pauperis* statute, "any court of the United States may authorize the commencement [of an appeal] by a person who submits an affidavit that includes a statement of all assets such [that the appellant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

In her pleadings, Feldman makes inconsistent statements concerning her employment. In her initial motion for leave to appeal *in forma pauperis*. Feldman states that unemployment

insurance is her only means of support while at the same time indicating on the accompanying affidavit that she receives income from employment that began in 2015 and continues to the present. Her motion and affidavit do not list any self-employment, yet her affidavit indicates that she is owed $153,216 from her own business. In his opposition, Desmond raises several objections and asserts, among other things, that Feldman is not destitute and is gainfully employed. In her reply to Desmond's opposition, Feldman indicates, among other things, that while she may be employed, her take home pay is negligible and she must reinvest her earnings into her company.

Although Desmond raises a number of objections which will not be addressed by the Court, the lack of clarity in Feldman's pleadings, including the internally inconsistent statements, warrants the denial of her motions. Feldman may seek leave to proceed *in forma pauperis* directly from the First Circuit Court of Appeals.

Based upon the foregoing, Appellant's motions for leave to proceed on appeal *in forma pauperis* are DENIED.

SO ORDERED.

    /s/ Angel Kelley
UNITED STATES DISTRICT JUDGE